IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY DURELLE ROBINSON,  )
                          )
            Plaintiff,    )
                          )
     v.                   )          1:24CV809
                          )
OFFICER FNU MCLAMB *et al.*,  )
            Defendants.   )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Officer FNU McLamb with the Mount Airy Police Department arrested Bobby Durelle Robinson on an outstanding warrant for failure to appear in October 2021. McLamb placed Robinson in handcuffs behind his back and transported him to the police station. Once there, Robinson refused to get out of the car. He alleges that McLamb then pulled him out of the car and threw him face first into the asphalt, requiring ten stitches.

Robinson has sued McLamb, Sergeant FNU Evans, and the Mt. Airy "Police Chief" in their individual and official capacities related to this incident, claiming a violation of his Eight Amendment rights pursuant to 42 U.S.C. § 1983. *See generally* Compl., Docket Entry 2. He seeks compensatory damages of $400,000

and $400,000 in punitive damages against each defendant.

The defendants have moved to dismiss the complaint on two bases: failure to establish personal jurisdiction and failure to state a claim. *See* Def. Mot. to Dismiss, Docket Entry 10; Def. Mem. of Law in Support of Mot. to Dismiss ("Mem. in Supp."), Docket Entry 11.

The defendants are correct insofar that Robinson did not establish personal jurisdiction.[1] Accordingly, for the reasons set forth below, the Court should grant the defendants' motion to dismiss but do so without prejudice.

---

[1] The defendants are correct that he has not alleged an Eighth Amendment claim; however, he has alleged a viable Fourteenth Amendment claim, and both sound in Section 1983 liability.

## I. FACTS

All well-pled facts are accepted as true and considered in the light most favorable to the plaintiff. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified).

On October 21 or 22, 2021,[2] Officer McLamb with the Mount Airy Police Department (MAPD) approached Robinson on the street in Mount Airy with an OFA "failure to appear" for child support. *See* Compl. at 6. McLamb detained Robinson and a female officer arrived at the scene. *See id.* McLamb placed Robinson in the back seat of his car and drove to the Mount Airy police station. *Id.*

When they arrived, Robinson asked McLamb why they were there, because the "jail is in Dobson." *See id.* McLamb responded that he had to get Robinson's warrant from upstairs. *Id.* Robinson said, with his hands cuffed behind his back, "I don't wanna go in there." *See id.* McLamb then "rip[ped Robinson] from the jeep face first into the asfault [sic]," picked him up, and walked him into the station. *Id.*

There, they saw Sergeant Evans, who said that Robinson needed to go to the hospital. *See id.* At the hospital, Robinson received seven stitches to his forehead and three under his nose.

*Id.* McLamb then transported Robinson to the Surry County Jail. *Id.*

Robinson alleges that Sergeant Evans did not punish McLamb for his use of force and did not properly train McLamb on arrest procedures. *See id.* at 7. He further alleges that the MAPD police chief did not punish Sergeant Evans or McLamb and that he failed to train both of them on proper arrest procedures. *Id.*

Robinson alleges that, in addition to the stitches he received, he suffers from depression, anxiety, and post-traumatic stress disorder arising from this encounter. *See id.* at 9.

## II. PROCEDURAL HISTORY

Robinson filed the complaint along with an application to proceed *in forma pauperis* on September 19, 2024. *See* Docket Entries 1, 2. After Robinson noticed his change of address, indicating he was no longer in custody, the magistrate judge granted the application with the caveat that he file an updated application and complete summons forms for each defendant mailed by the Clerk and return them thereto. *See* Docket Entry 6. Robinson refiled the application and the magistrate judge granted it, again with the directive regarding completion of summons with an address suitable for service. *See* Docket Entries 7, 8.

---

[2] The Complaint alleges the events occurred on October 21 or 22 in 2001, *see* Compl. at 4; however, Robinson later filed a supplement indicating that it took place in 2021, *see* Docket Entry 4.

Robinson completed the summons, identifying Evans as "Officer Evans (Sgt.?)" with an address of MAPD, 150 Rockford Street, Mount Airy NC 27030. He identified McLamb as "Officer McLamb," again with the same mailing address as Evans. Finally, he identified the MAPD police chief as "Police Chief," again with the same mailing address as Evans and McLamb. *See* Docket Entry 9.

### III. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Federal Rule of Civil Procedure 4(e) outlines the appropriate methods for effecting service of process: following state law for serving a summons that governs in the location of the federal district court; delivering the summons and complaint to party personally; leaving a copy of the same "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or delivering a copy of the same to "an agent authorized by appointment or by law to receive service of process." *See id.*

Relevant here, Rule 4(j) provides for service on local government by delivering the items to the chief executive officer or in a manner otherwise prescribed by state law. *See id.*; *see also* N.C. R. Civ. P. 4(j)(5)(a) (service effected on a city, town, or village by "personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the

summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the mayor, city manager, or clerk").

The burden lies with the plaintiff to establish personal jurisdiction. *See Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir.1979), *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982). "Although the plaintiff must ultimately demonstrate personal jurisdiction by a preponderance of the evidence either at trial or in a pretrial evidentiary hearing, *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n. 5 (4th Cir. 2005), when no evidentiary hearing is held, the plaintiff may satisfy its burden simply by making a prima facie showing of personal jurisdiction, *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)." *IHFC Props., LLC v. APA Mktg., Inc.*, 850 F. Supp. 2d 604, 615 (M.D.N.C. 2012).

The court, in making this determination, must accept all facts alleged in the complaint as true and draw all reasonable inferences therefrom in the plaintiff's favor.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the

3

defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citation omitted). In North Carolina, "a return of service showing service on its face constitutes prima facie evidence of service. A defendant can overcome the presumption of valid service with the 'affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.'" *See Davis v. Jones*, No. 5:12-CV-143-RJC, 2013 WL 4494713, at *2 (W.D.N.C. Aug. 19, 2013) (quoting and citing *Grimsley v. Nelson*, 467 S.E.2d 92, 94 (N.C. 1996)). *See also IHFC Props., LLC v. APA Mktg., Inc.*, 850 F. Supp. 2d 604, 616 (M.D.N.C. 2012) (the court may also consider "matters outside the pleadings when assessing a motion to dismiss for lack of personal jurisdiction, although the court must continue to draw all reasonable inferences in the light most favorable to the plaintiff").

Here, Robinson listed the MAPD street address as the service location for all defendants, in their official and individual capacities. *See* Docket Entry 9. The defendants have appended to their motion to dismiss affidavits confirming that:

1) on September 5, 2025, a deputy United States Marshal hand delivered four packets of documents, one of which was a duplicate, to MAPD Captain Travis Whitaker, comprising of a civil summons, the Court's July 15, 2025 order, and a copy of the Complaint and the supplement correcting the date of the alleged incident;

2) Whitaker is not the chief executive officer, mayor, manager, or clerk for the City of Mount Airy;

3) None of the defendants were asked to waive process, nor did they; and

4) the MAPD station is not the dwelling or usual place of abode for McLamb, Evans, or the MAPD police chief.

*See* Docket Entries 9, 11-1, 11-2, 11-3, 11-4.

The defendants, through these submissions, have rebutted the presumption of proper service. And, because Robinson has not served the defendants "by any of the methods permitted under Rule 4 of either the Federal Rules of Civil Procedure or the North Carolina Rules of Civil Procedure," *Davis v. Jones*, No. 5:12-CV-143-RJC, 2013 WL 4494713, at *3 (W.D.N.C. Aug. 19, 2013), it is recommended that the Complaint be dismissed without prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure."

### IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The defendants argue, in the alternative, that the motion should be dismissed for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Here, the Court already conducted an initial review of Robinson's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that his allegations survived initial

4

review. *See* Docket Entries 6, 8. The standard of review for dismissal under Section 1915(e)(2) is the same as the standard under Rule 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

While the motion would be moot should the Court adopt the recommendation of the undersigned of dismissal based on insufficient service of process, the recommendation is dismissal without prejudice. Thus, should Robinson refile this complaint and properly serve the defendants, dismissal pursuant to Rule 12(b)(6) would not be warranted.

## V. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the Court **GRANT** the defendants' Motion to Dismiss, without prejudice, based on lack of personal jurisdiction.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

July 27, 2026

5